# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv485

| | |
|---|---|
| MARIANO HERNANDO OSPINA, | ) |
| Appellant, | ) |
| v. | ) **O R D E R** |
| WARREN L. TADLOCK | ) |
| Appellee. | ) |

**THIS MATTER** is before the Court on the Motion of Appeal (Doc. No. 9) filed by Appellant Ospina of the Order of the U.S. Bankruptcy Court for the Western District of North Carolina, Charlotte Division, denying Ospina's pro se Motion to Proceed In Forma Pauperis (IFP) (Doc. No. 6).

First, the Court notes that Ospina filed his original notice of appeal on September 30, 2010 but has failed to designate the items to be included in the record on appeal. Following notification by the bankruptcy clerk of this failure, the Court ordered Ospina, on October 3, 2010, to comply with Rule 8006 within ten days and advised him that failure to conform with its Order may result in dismissal of his appeal. (Doc. No. 7). Ospina did not comply.

It is well established that when "an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997). Bankruptcy Rule 8006 provides in pertinent part that "[w]ithin 10 days after filing the notice of appeal ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bank. P. 8006. Bankruptcy Rule 8001 provides in pertinent part that "[f]ailure of an

appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Fed. R. Bank. P. 8001(a). Thus, it is ordered that within ten days, Ospina show cause in writing why his appeal should not be dismissed. Ospina is warned that failure to make a timely response to this Order <u>will</u> result in the dismissal of this appeal.

Ospina also appeals the bankruptcy court's denial of his IFP motion, contending that he is unable to pay the $225.00 filing fee in this case. The Court previously addressed the bankruptcy court's denial - when it ordered Ospina to pay the filing fee or risk dismissal of his appeal (Doc No. 7) - which properly articulates that the bankruptcy court's authority to waive filing fees under 28 U.S.C. § 1930(f)(1) applies to Chapter 7 debtors and not to Chapter 13 debtors (like Ospina) and is not erroneous. Ospina's appeal is therefore denied.

**IT IS, THEREFORE, ORDERED** that:

1. Appellant is ordered to **SHOW CAUSE** in writing why his appeal should not be dismissed.
2. Appellant's Motion of Appeal of the Order of the bankruptcy court denying his Motion to Proceed In Forma Pauperis is **DENIED**.
3. The Clerk is directed to send a copy of this Order, return receipt requested, to Appellant and a copy to the Bankruptcy Court.

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge